STRONG v. STRONG.

1. A father, by deed, conveyed certain slaves to his son, stipulating at the time, by parol, for the possession of the slaves during his life, and retained the possession about sixteen years, when the son obtained the possession of one of them without the father's consent. The father having brought an action to recover the slave—*Held*, 1st. That as between him and his son, no length of time would ripen his possession into a title, unless it was held by him adverse to the title of his son. 2d. That to show the character of the possession, it was competent for the son to prove the parol agreement relating to it.

2. In trover, the measure of damages is the injury actually sustained; therefore, in an action brought for the conversion of a slave, if the plaintiff has but a life estate in the slave, the measure of damages is not the value of the slave, but the value of the plaintiff's interest in the slave.

ERROR to the Circuit Court of Fayette.

Trover by the defendant against the plaintiff in error for a slave.

Upon the trial, as appears by a bill of exceptions, the plaintiff proved possession of the slave for fifteen or sixteen years, before the commencement of the suit, a demand of the slave and refusal to deliver him by the defendant, and rested his cause. The defendant then read in evidence, a deed made by the plaintiff, on the 31st of March, 1818, in the State of Missouri, by which, in consideration of natural love and affection, he conveyed to the defendant and his wife, several slaves, the one in controversy being among the number, and recited in the deed, that he had put the donees in full possession, by a delivery to their agent, Isaac Brewer,

Also, a deed made by the plaintiff on the 1st April, 1818, by which he acknowledged that he had hired the slaves conveyed by the deed above mentioned, from Isaac Brewer, agent for the defendant and his wife, for one year, and in consideration thereof, agreed to pay the taxes on the slaves, to clothe them, and do the smith's work of said Brewer.

The defendant also read the deposition of Brewer, who proved that at the time of the execution of the deed, the defendant lived in Georgia, that he had the deed in his possession for several years,

That the negroes were delivered to him when the deed was made, but that he did not remove them from the house of the plaintiff. They were not delivered to witness at the end of the year. In answer to a question put by the plaintiff, the witness stated that the donor was to keep the slaves during his life, unless he thought proper to deliver them up. That it was named that the old man might keep the negroes to wait on him his life time, and not to dispose of them. At the time this deed was made, the plaintiff made other deeds of gift to his other children. It was proved that he was a very aged and infirm man, having been a soldier in the revolution.

The defendant's counsel moved the court to exclude from the jury all that portion of the testimony of Brewer, which went to show that the plaintiff was to have a life estate in the slave, upon the ground that it was to contradict the deed by parol evidence, but the court refused to exclude it on the ground that it was the testimony of the defendant's witness.

The court then charged the jury, that if they believed the agreement by which the plaintiff was to retain the possession of the slave during his life, was made at the same time with the deed, they must regard it; and if they believed the plaintiff had a life estate, they must find for him.

The defendant's counsel asked the court to charge the jury, that though they should believe there was a contract by which the plaintiff might retain the slave during his life time, and that he was old and infirm, they might assess the damages to less than the full value of the slave, which charge the court refused to give; to all which the defendant excepted, and which he now assigns as error.

L. CLARKE, for the plaintiff in error, cited 2 Stew. 276; 5 Bining, 557; 1 Ala. Rep. 684; 8 Pickering, 51, Dall. 275.

HUNTINGTON, *contra*, insisted, that although the court may have erred, this court will not reverse the judgment, because it is shown that the plaintiff had possession such a length of time as to give title. He cited, 2 Ala. Rep. 555; 3 Litt. 136; 5 id. 281; 3 H. & Munford, 57; 5 Cranch, 361; 8 Cowen, 589.

ORMOND, J.—It is contended by the counsel for the defend-

ant in error, that although the court may have erred in its charge to the jury, yet as it is evident from the record, that the plaintiff is entitled to recover, this court will not reverse the judgment.

This supposition is derived from the long continued possession of the slave by the defendant in error. As the absolute title to the slave in controversy, is shown to be in the son, as between him and his father, no length of time would bar a recovery, unless the possession of the father was adverse to that of the son. If the possession of the former was by the acquiescence or permission of the latter, it was not inconsistent with the title remaining in the son; and although, as against creditors or purchasers without notice, the possession of the father would be evidence of title, in a contract with the son, he is estopped by his deed, from denying that the title is not in the latter, unless he shows that he has held the slave adversely to him, a sufficient length of time for the statute of limitations to operate a bar to a recovery.

Whether he did hold adversely, or by the consent of the son, and in subordination to the deed, was a question to be determined by the jury, and in this point of view, and to show the character at least, of the commencement of the possession, the testimony of the witness Brewer, was competent.

There is an intrinsic difficulty in ascertaining the value of a life estate in a slave, as it depends on so many contingencies.— This the plaintiff may always prevent, by bringing the action of detinue, when the jury may compel the restoration of the property by assessing the damages to its value. If, however, he brings *trover*, he can only recover damages to the actual extent of the injury he has sustained. The court, in effect, told the jury, that the measure of damages was not the injury actually sustained, but that assuming the title of the plaintiff to be a life estate only, they might find the *value* of the slave in damages.

Let the judgment be reversed, and the cause remanded.