## SIDGREAVES vs. MYATT.

1. A female who is a resident of this State, whether a citizen or foreigner, may maintain an action of slander under the act of 1830, which makes "all words spoken and published of any female person of this State, falsely and maliciously imputing to her a want of chastity," actionable in themselves.

2. In a suit under this act, the allegation in the declaration that plaintiff was chaste and in good repute, is inducement merely, and can only be put in issue by an appropriate plea; the general issue would not traverse it, except so far as to allow the defendant to introduce evidence of a want of chastity in mitigation of damages.

3. When the witnesses are put under the rule, and one of them remains in court during the examination, without the knowledge of the party for whom he was summoned, it is discretionary with the court to allow him to be examined.

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

This was an action of SLANDER, brought by Elizabeth Myatt against Margaret Sidgreaves, to recover damages for certain slanderous words spoken by defendant, of and concerning plaintiff, imputing to her a want of chastity.

On the trial below, a bill of exceptions was allowed, from which it appears, that the plaintiff was a niece of the defendant; that she was an English woman, and came to this country in 1849 with defendant, and stopped in Mobile; that in June, 1851, she came to Montgomery, in company with de-

40

fendant's son, and remained several weeks at defendant's house; that the slanderous words charged were spoken while plaintiff was staying at defendant's house; that plaintiff remained in Montgomery until a short time before the trial, and then removed to Mobile, where she now resides.

The bill of exceptions also shows, that, on the trial below, the defendant asked that the witnesses might be put under the rule, and the court so ordered. Plaintiff introduced only two witnesses, and when the second was introduced, being sworn on his *voir dire*, he stated, that he was in the court room when the order was made for the witnesses to retire, but remained there during the entire examination of the first witness. The defendant objected to his being allowed to testify; but it being shown that the plaintiff was not present at the trial, that her attorney had directed the sheriff to call this witness, that he was called at the court house door and did not answer, and that neither the attorney nor the sheriff knew him or was apprised of his presence in court, the court overruled the objection, and permitted the witness to testify; and to this the defendant excepted.

The defendant's counsel asked the court to instruct the jury as follows:

1. "That if they believed from the evidence, that plaintiff was not a citizen of Alabama, or of the United States, at the time the words charged were spoken, then they must find for defendant; which charge the court refused to give, and defendant excepted;

2. That if they believed from the evidence, that plaintiff was a citizen of the United States, and not of the State of Alabama, and was only sojourning here temporarily, they must find for defendant; which charge also the court refused, and defendant excepted."

The court thereupon charged the jury:

"That if they believed from the evidence, that plaintiff was living in the State, although not naturalized at the time the alleged words were spoken, they must find for plaintiff, if the other facts were proved necessary to sustain her action under the rules laid down by the court; to which charge defendant excepted."

"That although plaintiff had alleged in her declaration, by

way of inducement, that she was chaste and in good repute, yet she was not bound to prove such to be the fact, in order to recover in this action; to which charge defendant also excepted."

FAIR & WHATLEY, for plaintiff in error:

1. The court erred in refusing to give the first charge asked. The words charged were not actionable at common law, without an averment and proof of special damages. Berry v. Carter & Wife, 4 Stew. & P. 387. The statute of this State making such words actionable of themselves, when "spoken and published of any female person of this State," is in derogation of the common law, and must be strictly construed. The intention of the legislature evidently was, to confer this benefit on female citizens of this State; "female person," as used in this statute, means "female citizen."

2. The court erred in refusing to give the second charge asked. If the statute is held to extend not only to female citizens, but to female residents or inhabitants of this State, it would not include "sojourners."

3. The charge given was erroneous for the same reasons; it was too indefinite, and included in the operation of the statute those who were not entitled to its benefits. Sutliff v. Forgey, 1 Cowen's R. 89.

N. HARRIS, contra:

1. It was discretionary with the court to permit the witness to testify, although he had remained in the court room after the order was made requiring the witnesses to withdraw. Brookshire v. The State, 2 Ala. 305.

2. The act of 1830, under which the action was brought, does not require that the plaintiff shall be a citizen of this State, or of the United States. A foreigner dwelling or living in this State, is as much entitled to the benefit of the statute, as a naturalized citizen. The statute was designed to protect the character of every female within the State, whether she remained temporarily or permanently. If this is the proper construction of the statute, the charge given and the refusals to charge as requested, were correct. The second charge asked was also abstract.

GIBBONS, J.—This action seems to have been brought under the act of the legislature of 1830, which is in these words: "All words spoken and published of any female person of this State, falsely and maliciously imputing to such female a want of chastity, shall, by the several courts of this State having jurisdiction thereof, be deemed and held actionable in themselves, without any averment or proof of special damages; and the person or persons injured may maintain an action thereon, as in other cases of slander."

The charge of the court and refusals to charge raise the question whether a female of foreign birth, residing in this State, has the right to maintain the action provided by the statute.

It is contended by the plaintiff in error, that the words "any female person of this State" must be construed to mean female citizen of this State, and therefore a female of foreign birth, who had not been naturalized, could derive no benefit from the act, not being included in it. We cannot give to the act so restricted a construction. We think its terms broad enough to embrace all females residing in the State, whether citizens or foreigners. Whether a female merely sojourning temporarily within the State, would be included in the terms of the act, we do not now decide, as that is not the case presented by the record. This disposes of the first charge asked by the defendant in error, and of the charge given by the court.

The second charge asked was properly refused, because it was not adapted to the proof, and was abstract. The record discloses no proof showing, or tending to show, that the defendant in error was a citizen of any other State in the United States, or that she was sojourning in this temporarily.

The allegations in the declaration that the plaintiff below was chaste and in good repute, did not require proof, as the law would presume the truth of these allegations until the contrary was shown. They were inducement merely in the declaration, and could only be put in issue by the appropriate plea. The general issue, in the action of slander, would not traverse them, except so far as to enable the defendant to introduce evidence upon that subject in mitigation of damages.

The ruling of the court in permitting the witness to testify,

under the circumstances disclosed in the bill of exceptions, was a matter resting in its discretion, and not revisable here. We cannot distinguish the question here presented, in principle, from that decided in the case of The State v. Brookshire, 2 Ala. 303. The decision of the question presented in that case, we regard as entirely decisive of this.

There is no error in the record, and the judgment of the court below is affirmed.