## T. F. HUDSON vs. S. W. WILKINSON.

### SUPREME COURT, AUSUIN TERM, 1884.

*Mortgages—Of Personal Property.*—The old doctrine that legal title passes to the mortgagee is not recognized in this State. Mortgages of personal property, unaccompanied by possession, are like other liens, but incidents of the debt.

*Pledge*—Where possession follows the mortgage, the property in effect becomes a pledge, and the rights of the parties are determinable by the principles of law applicab'e thereto.

*Same—Limitation.*—That the debt itself was barred will constitute no defense to an action for the conversion of the property pledged to secure it. See the opinion of the rule which should be applied in the adjustment of this controversy.

Appeal from Brazos county.

### STATEMENT.

January 2nd, 1871, Wilkinson brought this suit against Hudson in the District court of Burleson county, to recover the value of two mules and a wagon, as well as the hire of the same.

Hudson answered by general denial and other special defenses not necessary to notice. This is the third time the case has been before the Supreme Court.

Reference is made to Hudson vs. Wilkinson, 45 Texas, 444, for a full statement of the case; also to the M. S. opinion on second appeal, which will be found among the papers on file.

The venue was changed to Brazos county, where the same was tried March 13th, 1882, which resulted in a verdict for Wilkinson for the value of the property, $24.00 hire of same, $326.00 judgment accordingly. The errors relied upon and not settled on the two former appeals are noted in the opinion.

### OPINION.

Assuming that the property was delivered to appellee at the time Stewart executed the mortgage, then appellee held the same as a pledge. The old doctrine that the legal title passes to the mortgagee has no place in our system. Here mortgages of personal property, unaccompanied by possession, are recognized as are all other naked liens, but incidents to the debt.

But where possession of the property follows the mortgage, then it becomes in effect a pledge, and the rights of the parties are to be determined by those principles of law and equity applicable to that character of transaction. (Wilkinson vs. Hudson, M. S. opinion on file in court.)

In case of a pledge, the fact that the debt which it was made to secure is barred by the statute of limitation would constitute no defense to an action by the pledgee against another for a wrongful conversion of the property, for the reason that the pledgee has a special property in the pledge, and entitled to its possession until the debt is paid. It is said that "the statute simply bars the remedy; it does not extinguish the debt; consequently, where a lien is given upon property for the payment of a claim, whether by contract or by the custom or usage of trade, the lien may be enforced, although the remedy upon the debt itself is barred." (Wood on Limitation of Action, p. 47, and note.)

Hence, if Wilkinson had possession of the property, Stewart could not recover it upon the ground that limitation had interposed, but to authorize such recovery, he would be required to tender the amount of the debt. And surely it would not be contended that

Hudson, who purchased with notice of Wilkinson's rights, would in this respect occupy a more favorable position than would his vendor.

After the purchase by Hudson, he had simply the rights of Stewart. He thereby acquired all the rights of the latter, and nothing more. Then the question arises, in this case, as to the extent of Hudson's liability to Wilkinson for a wrongful conversion of the property. It is claimed by appellant that the extent of his liability, and appellee's right to a recovery, is the amount of his debt against Stewart; and, under the facts of the case, that is believed to be true. If Stewart had not parted with his interest in the property, and it had been converted by another without his concurrence and consent, then, in an action against such third party, Wilkinson would be entitled to recover the full value of the property, for in such case he would be liable to Stewart for the excess in value over his debt.

But here, Stewart having divested himself of such right by his sale to Hudson, he would have no right to such excess; that would belong to Hudson, and he alone would have a right to have an accounting for it. (Strong vs. Strong, 6 Ala., 347.)

Upon this issue the charge of the court is erroneous. This error appellant sought to correct by the seventh instruction asked, and which was refused by the court.

There was no error in the charge wherein the court assumed that Wilkinson had paid the debt of Stewart to Dean. The evidence abundantly establishes such payment, and there is nothing in the record that impairs the conclusive force of the evidence.

In respect to the measure of damages, the rule applied by the court is incorrect. The general rule in cases of this character is the value of the property at the time of the conversion, with interest thereon up to the time of the judgment. (Grimes vs. Watkins, 59 Texas, 140; Wait's Actions and Defenses, vol. 6, p. 222, and numerous cases cited.)

That is the correct rule to be applied in this case, with the limitation that the recovery can in no event exceed the amount, principal and interest, of the Stewart debt paid by Wilkinson; that is, the principal with interest thereon up to the time of the trial.

There is nothing in the objection that, as appellee alleged that he was owner of the property, that therefore he could not recover upon the evidence; that he only held the same prior to the conversion, as a pledge to secure the debt. As pledgee, he had a special property

in the mules and wagon, such as would entitle him to a recovery under the allegation of ownership, and especially so as to a wrong doer.

Our conclusion is, that the judgment ought to be reversed and the cause remanded.                    A. T. WATTS, Judge.

Report of Commissioners of Appeals examined, their opinion adopted, and the judgment reversed, and the cause remanded.

A. H. WILLIE, C. J.