# Henderson *v.* Foy.

| 96 | 205 |
| 121 | 649 |

### *Trover.*

1. *Conversion by junior mortgagee of Chattles.*—As against a senior mortgagee of chattles, it is a conversion by a junior mortgagee when the latter, by consenting to their sale by the mortgagor, induces a purchaser to buy.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

Charles Henderson and W. D. Henderson, suing as partners doing business under the firm name of Henderson Bros. & Co., brought this action against J. E. Foy to recover damages for the alleged conversion of seven bales of cotton. The defendant pleaded the general issue.

On the trial, the plaintiffs introduced in evidence a mortgage executed to them by one G. W. Conner on January 16, 1890, and which was recorded on the following day in the office of the probate judge of Pike county. This mortgage covered the entire crop to be raised by said Conner during the year 1890. Plaintiffs also introduced evidence tending to show that said Conner in October or November, 1890, stored in a warehouse at Louisville, Barbour county, Alabama, six bales of cotton; that the defendant, claiming to hold a mortgage on said cotton which was executed the same year by said Conner, came to Louisville after Conner had stored the six bales and sold them to one Drewry, Conner being present and consenting to the sale. The evidence for the plaintiffs further tended to show that at the time of the sale, Drewry, the purchaser, told the defendant that he would not buy the cotton from Conner but would buy it from him (the defendant), and that he paid all the purchase-money to the defendant, except ten or twelve dollars, which, by the direction of the defendant, was paid to Conner. The defendant testified in his own behalf that he had a mortgage on the cotton, which he admitted was an inferior lien to the mortgage to the plaintiff; that he went with Conner to Drewry, and Conner offered to sell the cotton to Drewry;

[Henderson v. Foy.]

that Drewry said he would buy the cotton from Conner if defendant would consent to it, and that defendant replied that he would consent to the sale if the money was paid to him; that Drewy then bought the cotton from Conner, paying part of the purchase-money to the defendant and part of it to Conner, the defendant consenting to the payment of the part to Conner. This being all the evidence, the court gave the following written charge to the jury at the request of the defendant: "If the jury believe from the evidence that all Mr. Foy had to do with the transaction was to consent for Conner to sell the cotton in controversy, then they must find for the defendant." The plaintiffs excepted to the giving of this charge. This charge is now assigned as error.

GARDNER & WILEY, for appellants.

STONE, C. J.—The only assignment of error in this case is founded upon the court's giving the charge requested by the defendant. The action is trover, and seeks to recover damages for the wrongful conversion of seven bales of cotton.

The gist of the action of trover is conversion, which, in its ordinary acceptance, means the wrongful taking or the wrongful detention of personal property. The conversion, which is the basis of this action, does not necessarily mean that the defendant should have exclusive control or actual manucaption of the property.—*Freeman v. Scurlock*, 27 Ala. 407. Under our decisions, the unlawful conversion is complete, and justifies the action of trover, if the defendant exercises some unlawful acts of ownership over the property, either directly or indirectly. As was said by SOMERVILLE, J. in *Thweatt v. Stamps*, 67 Ala. 96, "In order to sustain the action of trover, there must have been on the part of the defendant some unlawful assumption of dominion over the property in question, in defiance or exclusion of the plaintiff's right, or else a withholding possession from the plaintiff under a claim of title, inconsistent with his own. The defendant would not be guilty of a conversion, unless he directed, induced or ratified the act of Dill [the seller] in his exercise of an unauthorized dominion over the property." 2 Greenl. Ev. § 642.

In the present case, if the defendant directed or ratified the act of Conner in selling the cotton, or induced Drewry to buy the cotton in the exercise of his unauthorized dominion over the cotton, he was thereby guilty of conversion in the eyes of the law. Under the facts of this partic-

[Barnhill v. Teague.]

ular case, the consent of the defendant to the sale of the cotton acted as a direction to Conner to sell, or a ratification of such sale, and at the same time was an inducement to Drewry to buy the cotton, upon which it was acknowledged the plaintiffs had a prior lien, and to which they were rightfully settled. The charge given by the court at the request of the defendant, applied to the facts of the case, was not in harmony with the principles above announced, and should not, therefore, have been given.—*Bolling v. Kirby*, 90 Ala. 215; s. c., 24 Am. St. Rep. 789 and notes.

Reversed and remanded.