THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM HENRY PARKER, Appellant.

Upon the trial of an indictment for murder, after the jury had retired to deliberate upon their verdict, they were brought into court and at the request of defendant's counsel were further instructed; after they again retired they sent word to the court that they desired further instruction; the judge informed them that he could not give them further instructions as defendant's counsel was absent. *Held,* that this was not a violation of the provision of the Code of Criminal Procedure (§ 427) requiring the court, if there is a disagreement of the jury as to the testimony, or if they desire to be informed of a point of law upon their

being brought into court, and after notice to the district attorney and defendant's counsel to give the information required ; that after having fully charged and again further instructed the jury, as to whether further instructions should be given was a matter resting in the discretion of the court.

Defendant's counsel was examined as a witness and gave evidence in his behalf. On his cross-examination he was asked if he had anything at stake on the trial. He answered that he had wagered ten dollars that he would acquit the defendant. *Held*, that the reception of the testimony was not error ; that it was competent to show the interest of the witness as bearing upon his credibility.

(Argued December 23, 1892; decided January 17, 1893.)

APPEAL from a judgment of the Court of Oyer and Terminer in the county of Niagara, rendered May 20, 1892, entered upon a verdict convicting defendant of the crime of murder in the first degree.

The following is the opinion in full :

" The defendant was convicted of the crime of murder in the first degree in killing John Ritsko at Niagara Falls, in March last. The crime was committed while the defendant and two companions, Charles Kelley and William Chambers, were making an assault upon a dwelling occupied by Ritsko and other Poles. There was some conflict in the evidence as to the circumstances of the homicide. But we think the proof is very clear and satisfactory that the fatal shot was fired by the defendant.

" The prosecution proved that during the affray Kelley, using the same pistol that killed Ritsko, shot at and wounded Anthony Hoy, and the counsel for defendant now calls our attention to this evidence and claims that it was incompetent. It was not objected to. Kelley and the defendant seemed to be acting in concert, and the assault by Kelley upon Hoy was during the same affray in which Ritsko was killed. The evidence was of no importance and could not have been harmful to the defendant, and it was competent as one of the circumstances attending the homicide.

" The prosecution put in evidence certain incriminating letters written by the defendant in the prison where he was confined. It is claimed that they were improperly admitted in evidence because it was not sufficiently shown that they were in the

handwriting of the defendant. We think that the evidence that the defendant wrote and sent the letters was sufficient for submission to the jury.

"The defendant's counsel was sworn as a witness on his behalf and gave evidence at the trial. On his cross-examination he was asked 'whether he had anything at stake in the trial,' and he answered that he had wagered ten dollars that he would acquit the defendant. This cross-examination was not objected to. But the evidence was competent to show the interest of the witness in the result of the trial, and as bearing upon his credibility.

"After the jury had retired to deliberate upon their verdict they were brought into court and at the request of the defendant's counsel were further instructed by the judge. They again retired and after some time they sent word to the judge by an officer that they desired further instructions, and he informed them that he could not give them further instructions as the defendant's counsel was absent. It is claimed that in making this communication to the jury he violated section 427 of the Code of Criminal Procedure. A refusal to make a communication is obviously not a communication within the meaning of that section. It certainly was not error for the court having fully charged the jury, and again further instructed them, to refuse to procure the attendance of the defendant's counsel that he might give still further instructions to them. Whether he would give further instructions rested in his discretion. The case was a simple one, and it does not appear that the defendant could have been harmed for the lack of further instructions to the jury.

"We see no reason to doubt that the conviction of the defendant was right, and the judgment should be affirmed."

*A. A. Mossell* for appellant.

*P. F. King* for respondent.

Earl, J., reads for affirmance.
All concur.
Judgment affirmed.