[Hall v. The State.]

# Hall *v.* The State.

*Indictment for Murder.*

1. *Evidence; incompetency of testimony tending to show bias of witness.*—While it is competent to show the bias of a witness by proving that he sustained such a relation to the party as would likely influence his testimony, it is incompetent for the defendant on a trial under an indictment for murder, to show that the wife of the witness who had testified for the State was the washerwoman of the deceased.

2. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, the fact that two witnesses who testified for the State were husband and wife and had a difficulty on the day of the homicide, is irrelevant and inadmissible.

3. *Putting witness under rule; ruling of court not revisable.*—When witnesses have been put under the rule, it is discretionary with the court to allow one of them to remain in the court room during the examination of the others, or to allow a witness against whom the rule was enforced, and who had violated it, to testify; and the exercise of this discretion is not revisable.

4. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, upon the examination of the coroner, who held the inquest over the deceased, it is not competent to ask him whether or not at the inquest there was evidence adduced tending to show that one of the witnesses who testified for the State during the present trial had something to do with the killing, and whether or not there was evidence at the inquest tending to show that there had been trouble between the defendant and the witness for the State.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. DANIEL A. GREENE.

The appellant in this case, Felix Hall, was indicted, tried and convicted for the murder of Norwood Clark, was convicted of murder in the first degree, and sentenced to be hanged.

On the trial of the case it was shown that Norwood Clark was killed by being shot with a pistol or pistols

in the hands of Felix Hall and one Will Miller.

Jim Clark a witness for the State, testified that the defendant and one Will Miller came to the tent where Norwood Clark was, and calling him out began firing upon him and killed him. On the cross examination of this witness the defendant asked him the following question: "Your wife used to wash for Mr. Clark, did she not?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

Annie Clark, the wife of Jim Clark, was also introduced as a witness for the State and testified to the circumstances of the killing substantially the same as were testified to by Jim Clark. On the cross examination of this witness, Annie Clark, the defendant asked her the following question: "Did you not have some trouble with your husband that day?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

During the cross examination of Will Pritchard, a witness for the State, the defendant asked him the following question: "Did you know of Jim Clark and his wife having a row that day?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

Upon one C. D. Clark, the father of the deceased, being called as a witness, the defendant objected to his testifying, upon the ground that the witnesses had been put under the rule, and this witness, C. D. Clark, had been in the court room all during the trial, seated with the solicitor and two attorneys employed to prosecute. The court overruled the objection, allowed the witness to testify, and to this ruling the defendant duly excepted.

W. D. Parris, the coroner of Jefferson county, was the only witness introduced for the defendant. After testifying that he held the inquest over the deceased, the defendant asked said Parris the following questions: "Was it not a fact that the evidence brought before you at the inquest tended to show that Jim Clark had something to do with the killing?" "Did not the evidence there tend to show that Jim Clark had been in Atlanta

on a visit and when he came back some one told him that defendant had had something to do with his wife, and he (Clark) said he would get him (defendant)?" "Did Clark's wife testify that she was in or out of the tent at the time of the shooting?" "Is it not a fact that she testified that she was out of the tent at the time of the shooting?" "Did you not during last summer accompany some men to the jail to identify the defendant?" "Did you not accompany a man who said he was the prosecuting witness to identify the defendant?" "Did the evidence at the inquest tend to show that there had been trouble between the defendant and Jim Clark about Clark's wife?" To each of these questions the State separately objected, the court sustained each of such objections, and the defendant separately excepted to each of such rulings of the court.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Sanders v. State,* 105 Ala. 4; *Burkes v. State,* 120 Ala. 386; *Goodlett v. State,* 136 Ala. 39

TYSON, J.—While it is always competent to show the bias of a witness by proving that he sustains such a relation to a party as would likely influence his testimony, this rule cannot be stretched to the extent of allowing a defendant to show that a witness for the State is the husband of the washerwoman of the deceased.

The fact that Jim Clark and Annie Clark, who were husband and wife, both of whom were examined as witnesses by the prosecution, had a difficulty on the day the homicide was committed, could shed no light upon the issues involved in this case. That fact was wholly irrelevant and inadmissible, and the action of the court in sustaining the objection to the question which sought to illicit it was properly sustained.

"When witnesses are placed under the rule, it is discretionary with the presiding judge, to permit exceptions to its enforcement."—*Riley v. The State,* 88 Ala.

193; *McGuff v. The State, Ib.* 147; *Barnes v. The State, Ib.* 204. So, too, it is discretionary with the trial court, to allow a witness against whom the rule was enforced to testify. And the exercise of this discretion is not revisable.—*The State v. Brookshire,* 2 Ala. 303; *Sidgreaves v. Wyatt,* 22 Ala. 617; *Wilson v. The State,* 52 Ala. 299; *Thorn v. Kemp,* 98 Ala. 417; *Sanders v. The State,* 105 Ala. 4; *Burks v. The State,* 120 Ala. 387. So, then, whether the witness, C. D. Clark, was excepted from the rule, or placed under it and violated it, the bill of exceptions not being clear as to his status, the result is the same.

There was clearly no error in sustaining the objection to the several questions propounded by the defendant to his witness Paris.—*Goodlett v. The State,* 136 Ala. 39.

The judgment of conviction must be affirmed.

*Indictment for Murder.*

