(101 So. 666)

BANK OF ODENVILLE v. UNION STATE BANK. (7 Div. 511.)

(Supreme Court of Alabama. Oct. 23, 1924.)

Chattel mortgages ⚙==169 — Junior mortgagee's participation in and receipt of proceeds of sale of mortgaged personalty with constructive notice of senior mortgage held conversion.

Where junior mortgagee had constructive notice of senior mortgage, his participation in and receipt of proceeds of sale of mortgaged personalty *held*, as against senior mortgagee, to constitute conversion, though he at no time had possession of the property.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action in trover by the Union State Bank against the Bank of Odenville. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

M. M. Smith, of Pell City, for appellant.

The defendant is not shown to have committed any act constituting a conversion of plaintiff's property. Davis & Son v. Hurt, 114 Ala. 146, 21 So. 468; McGill v. Holman, 208 Ala. 9, 93 So. 848, 31 A. L. R. 941; Rogers v. King, 151 Ala. 628, 44 So. 655.

James A. Embry, of Ashville, for appellee.

Counsel discusses the questions raised, but without citing authorities.

BOULDIN, J. This is an action in trover, brought by the senior mortgagee against the junior mortgagee of personalty. The case made by the evidence is briefly this: The junior mortgagee had constructive notice of the senior mortgage. After the law day of the junior mortgage, the mortgagor tendered the property to the junior mortgagee to make his debt. At the request of the junior mortgagee the mortgagor retained the possession and use of the property. Thereafter the junior mortgagee advertised the property for sale under the power of sale in his mortgage. Before the day of sale a third person applied to the junior mortgagee to purchase the property; a price was agreed upon, with terms of payment, in the event the mortgagor was willing to make such sale. The purchaser was referred to the mortgagor, who agreed; the purchase price was secured to the junior mortgagee, and the property was delivered by the mortgagor to the purchaser, who took possession under his purchase. The junior mortgagee had not the actual possession of the property at any time.

Under these facts, the junior mortgagee so participated in the sale and disposition of the property, joined in the exercise of such dominion over it, and so invaded the rights of the senior mortgagee, as to constitute a conversion. It is immaterial whether the mortgagor was holding possession as a mere bailee or agent of the junior mortgagee pending foreclosure or holding possession as mortgagor. Likewise it is immaterial whether the mortgagor or junior mortgagee closed the sale and delivered the property. Participation in the sale of the property, negotiating with the purchaser, receiving the proceeds, and thus actively joining in the disposition of the property and passing of the possession to the purchaser, made the junior mortgagee a party to the conversion. Henderson v. Foy, 96 Ala. 205, 11 So. 441.

The rulings of the trial court were in harmony with these views.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.