140 So. 606

**SULLIVAN v. MILLER.**

8 Div. 383.

Supreme Court of Alabama.
March 24, 1932.

H. H. Hamilton and J. Foy Guin, both of Russellville, for appellee.

## KNIGHT, J.

Suit by John Miller against Robert L. Sullivan to recover damages for the alleged conversion by Sullivan of certain personal property, which is fully described in the complaint.

The complaint is in Code form. To the action, the defendant, in addition to the general issue, filed three special pleas. To these special pleas the plaintiff filed numerous grounds of demurrer, among them the ground, "That the plea states nothing which may not be proven under the general issue."

■■ It has long been a rule of pleading in this jurisdiction that, in an action of trover, the plea of not guilty puts in issue every matter of defense which might be specially pleaded in bar, except a release, and that there can be no necessity for incumbering the record with special pleas. Ryan v. Young, 147 Ala. 664, 41 So. 954; Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Morris v. Hall, 41 Ala. 510.

ˈ And in Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234, 237, it is said: "While it must be conceded, as a general rule, estoppel, to be availed of as a defense, must be specially pleaded, Jones & Co. v. Peebles, 130 Ala. 269, 30 So. 564, this general rule does not apply to actions of trover, for the reason that conversion, which is the gist of the action, is ex vi termini, a tortious act, which cannot in law be justified or excused, and any plea alleging matters of justification or excuse other than a release, is equivalent to the plea of not guilty, since it involves a denial of the conversion." First Nat. Bank of Gadsden v. Burnett, 213 Ala. 89, 104 So. 17, and authorities supra. It therefore follows that there was no error committed by the court, of which the defendant can complain, in sustaining the demurrer to defendant's pleas 3, 4, and 5.

Wm. L. Chenault, of Russellville, for appellant.

■ To support the action of trover the plaintiff must have, at the time of the conversion, the right of property, general or special, and possession or the immediate right of possession. These rights must *concur* in the plaintiff at the time of the conversion, or the

action will not lie. Arnold v. Sutherlin, 216 Ala. 546, 114 So. 140; Johnson v. Wilson & Co., 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52; Corbitt v. Reynolds, 68 Ala. 378; Elmore v. Simon, 67 Ala. 526; Booker v. Jones' Adm'x, 55 Ala. 266.

The foregoing statement of the law is invoked by appellant in this case, and his insistence is that the appellee had conveyed to him the title to the property in question at the time of the alleged conversion, and had transferred to him the possession of the same, and that plaintiff did not have any property right, general or special, in the chattels at the time plaintiff attempted to show the conversion took place. Of course, if this were true, the plaintiff could not recover in this action, no matter what other rights he might have or what other remedies he might pursue.

■ The plaintiff denied that he had made such a conveyance, or that he had transferred the possession to the defendant, his contention being that the instruments relied upon by defendant to show the transfer of possession, and of his right under the mortgage to retain possession of the chattels, were obtained by duress, and by fraud, and misrepresentation. These were questions of fact to be ascertained by the jury.

■ It is settled by a long line of decisions in this state that the seizure of property by the mortgagee, without consent of the mortgagor, and without authority under the mortgage, is an unlawful assumption of dominion over same, is in defiance and exclusion of the mortgagor's rights, and is wrongful, and such interference by the mortgagee will give the mortgagor an immediate right of action in trover. Fields v. Copeland, 121 Ala. 644, 649, 26 So. 491; Thweat v. Stamps, 67 Ala. 96; Henderson v. Foy, 96 Ala. 205, 11 So. 441; Bolling v. Kirby, 90 Ala. 222, 7 So. 914, 24 Am. St. Rep. 789.

The appellant reserved many exceptions to the ruling of the court in admitting and excluding testimony, offered by the respective parties on the trial. While no argument has been submitted to show that the court was in error in its ruling in the particulars pointed out by the assignments of error, nevertheless we have carefully read the record and considered each of the exceptions. Many of the rulings adverse to appellant, and which are here assigned for error, relate to proof of the general character of some of the witnesses, who testified in the case. We find no error in any of the rulings of the court in these particulars.

■ J. W. Scott was examined by plaintiff as a witness in his behalf, and on cross-examination he was asked by defendant the following question: "You told Bob Massey right after this suit was filed in your conversation with Bob Massey down there you told him, did you not, that you had beat Shotts, you beat J. C. Williams and you beat J. W. Rogers and that you would bet $20.00 by God you beat Bob Sullivan?" The plaintiff objected to the question. Defendant offered to show that he had made such a statement. The question, to say the least of it, is involved and awkwardly expressed. However, the testimony given by this witness, just before this question was asked, tended to show that the witness had taken some interest in the case, in behalf of the plaintiff, and that he had some feeling against the defendant. The question was asked on cross-examination for the purpose of showing the extent of his interest and feeling. We think the court erred in sustaining plaintiff's objections to the question.

■ Objection was made by defendant to allowing the witness Frank Willis to be examined by plaintiff, on the ground that the witness had been in court during the trial of the cause. We suppose the rule had been invoked, but whether so or not it was within the sound discretion of the court to allow the witness to be examined under such circumstances. Error cannot be predicated upon this ruling of the court. Jarvis v. State, 138 Ala. 17, 34 So. 1025; Hall v. State, 137 Ala. 44, 34 So. 680; Sidgreaves v. Myatt, 22 Ala. 617; Wilson v. State, 52 Ala. 299; Thorn v. Kemp, 98 Ala. 417, 13 So. 749; Sanders v. State, 105 Ala. 4, 16 So. 935; Burks v. State, 120 Ala. 387, 24 So. 931.

We find no error, of which appellant can complain, in any rulings of the court on admission and exclusion of evidence, except in the one instance above pointed out.

■ The appellant also complains that the court erred to a reversal in refusing to give requested charges 2, 3, and 8. These charges were refused without error. Each withdrew from the jury all consideration of that part of the testimony tending to show duress, and, besides, under the oral charge of the court, and other charges given by the court at request of defendant, the defendant had the benefit of every legal proposition asserted in the refused charges. Charge 3 was subject to the further criticism of being argumentative.

■ Charge 15, given by the court at the request of plaintiff, should not have been given. If the mortgage debt had been properly, and legally declared due, and the mortgage subject to foreclosure at the time of the alleged "taking," although Miller may not have agreed that Sullivan might take it, yet Sullivan, under the mortgage, could take it without violating any right of the mortgagor, provided, of course, the taking was accomplished without force or violence. It must not be perpetrated "in a riotous manner, or

398

attended with a breach of the peace." "Subject to this limitation, the owner of personal property, wrongfully withheld from him, may have redress by his own act without resorting to the delay of litigation. But he proceeds at his own peril if he commit the slightest assault, or other breach of the public peace, for, if individuals were thus allowed to redress their own private injuries, the peace of society and good order of government would cease." Street v. Sinclair, 71 Ala. 110; 3 Black Com., 4; Bobb v. Bosworth, Litt. Sel. Cas. (Ky.) 81, 12 Am. Dec. 273; Burns v. Campbell, 71 Ala. 272.

Charge 8 was also bad, and should not have been given. It assumes that Cook carried the pistol on the premises of the plaintiff in the effort to take the property under the mortgage. While this may have been the purpose of Cook, and it was open to the jury to so find under the evidence, yet the charge assumes it to be a fact, and, for assuming to be true a disputed fact, was faulty.

There was no merit in the appellant's contention that the court misstated the law in charging upon the measure of damages, in the event the jury found for the plaintiff. The court stated the rule most favorable to appellant, and he has no just cause for complaint. 38 Cyc. 2103; Strong v. Strong, 6 Ala. 345; Forbes & Carloss et al. v. Plummer, 198 Ala. 162, 73 So. 451; Fields v. Copeland, 121 Ala. 644, 26 So. 491.

The appellant can take nothing by his assignments of error which seek to bring under review certain parts of the court's oral charge. The specific language of the charge, made the basis of the exceptions, is not stated; the exceptions only designating the subjects treated by the court in its oral charge. Birmingham Ry., Light & P. Co. v. Friedman, 187 Ala. 562, 570, 65 So. 939; Ex parte Cowart, 201 Ala. 55, 77 So. 349; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Beech v. State, 205 Ala. 342, 87 So. 573; Whittle v. State, 205 Ala. 639, 89 So. 43; Marbury Lumber Co. v. Lamont, 169 Ala. 33, 53 So. 773; Western Union Tel. Co. v. Burns, 164 Ala. 252, 51 So. 373; Knowles v. Blue, 209 Ala. 27, 95 So. 481; H. J. Crenshaw & Co. v. Seaboard Air Line R. Co., 219 Ala. 206, 121 So. 736.

We have considered all questions of merit presented by this record.

For the errors pointed out, the judgment of the law and equity court will be here reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.