GOETZ, Appellant, vs. HERZOG and another, Respondents.

*January 10—February 7, 1933.*

*Norman E. Risjord* and *Richard Torrison,* both of Manitowoc, for the appellant.

For the respondents there was a brief by *Nash & Nash,* attorneys, and *W. J. Clark* of counsel, all of Manitowoc, and oral argument by *Mr. Clark.*

FOWLER, J.   The plaintiff claims the denial of the motion for a new trial was erroneous because (1) evidence was improperly rejected and (2) the verdict fails to record the facts as found and intended to be returned by the jury.

(1)  Three errors are claimed in the rejection of evidence:

(a)  A witness was asked on cross-examination whether he had offered to wager on the event of the lawsuit, and objection to the question was sustained.   Counsel for plaintiff contend that this was error and urge in support of their contention that this court in an early decision held that the refusal to permit a witness for plaintiff to answer a question put on cross-examination whether he had made a wager that the plaintiff would recover in the suit was error entitling the plaintiff to a new trial.   *Kellogg v. Nelson,* 5 Wis. 125.   *People v. Parker,* 137 N. Y. 535, 32 N. E. 1013, is also cited in support of the contention, wherein the answer of the defendant's counsel, who was a witness for the defendant, to the question put to him on cross-examination whether he had anything at stake on the trial, that he had wagered $10 that he would acquit the defendant, was held properly received.   These rulings were proper, on the ground that a wager on the event of the trial actually made by a witness makes him indirectly interested in the event of the trial to some extent.   A mere offer to wager creates no interest and may be entirely consistent with complete indifference between the parties.   The case of *Sullivan v. Miller,* 224 Ala. 395, 140 South. 606, is also cited, wherein a question propounded to a witness for the state was: "You told . . . that you beat Shotts, you beat Williams, you beat Rogers, and you would bet $20 by God that you would beat Bob Sullivan?"   Objection thereto was considered improperly sustained because testimony just previously given

by the witness tended to show that he had "taken some interest in the case on behalf of the plaintiff and that he had some feeling against the defendant." We see nothing in the context here to indicate that the witness had taken any interest in behalf of the defendants or entertained any feeling against the plaintiff or the deceased. We are of the opinion that rejection of the evidence under the circumstances appearing was not erroneous.

(b) A witness for plaintiff was asked whether from examination of the gears of the car in which the deceased was riding he could tell whether the car was in gear when the impact with the other car occurred. Objection was sustained on the ground that two months had intervened between the time of the collision and the examination of the gears. However, what was done with the car in the meantime was shown, and it appeared that although it had been moved it had not been moved on its own power and that the only change made in the car involving the gears in any possible way was disconnection of the rod transmitting the power from gears to rear axle. It is urged in support of the contention of plaintiff's counsel that whether the deceased stopped for the arterial was a close question, supported by the testimony of two witnesses on the one side and three on the other, and that whether or not the car was in gear at the time of the impact would bear strongly upon the question whether the deceased had stopped at the crossing. We incline to the opinion that the objection should have been overruled, but that even so this should not result in reversal. Findings of negligence other than failure to stop at the arterial, entirely sufficient in themselves to support the verdict, were returned by the jury. Formerly, if error occurred on a trial it was presumed to have been prejudicial and the presumed prejudice was considered to require reversal. The members of this court long ago came to the view that the rule often worked injustice but hesitated to themselves change a rule so long established and well

supported by precedent. So they in 1909 were instrumental in procuring enactment by the legislature of sec. 274.37, Stats., which provides that no error shall work reversal unless in the opinion of the court, after examination of the whole action or proceeding, the error has affected the substantial rights of the party complaining of it. This enactment worked "a very marked change as to reversals." (See address of Mr. Chief Justice SIEBECKER in the 1921 Proceedings of the Board of Circuit Judges, pp. 18, 19.) Had this statute been in force when *Kellogg v. Nelson, supra,* was decided, it is quite likely the error there involved would not have resulted in reversal. Under the rule of this statute the error here under consideration must be held not to have "affected the substantial rights" of the plaintiff.

(c) A qualified teacher of physics was asked to state the law of physics as to the imparting of force. Objection was sustained on the ground that he had had no experience with colliding automobiles. When the cars collided, the car in which the deceased was riding pivoted and ran off the road. The other stopped at the place of collision. The question was put to refute the inference that the other car was not traveling fast because if it had been its inertia would have carried it beyond the point of impact. The law of imparted force is in effect that if a moving solid object squarely strikes a free stationary solid object of substantially the same size and weight it will stop, transmit its moving force to the other object, and move the other object ahead in its path. This law is doubtless as well known, as much a matter of common knowledge, as the law of inertia, the contended effect of which the proffered evidence was offered to refute. The effect of it was as much a proper subject of argument without proof as was the effect of the law of inertia of which there was no proof. If not as well understood by the jury as the law of inertia, its effect was readily subject to illustration in argument. We perceive no error in the rejection of the testimony.

(2) On the motion for a new trial affidavits of jurors were presented to the effect, substantially, that they intended to award the plaintiff the amount of damages that they assessed. These affidavits fall far short of showing, as urged by plaintiff's counsel, that the jury intended to answer the several questions bearing on contributory negligence contrary to the answers written into the verdict and that the answers were inserted as written by mistake. The situation is the not uncommon one of jurors trying to impeach their special verdict because the legal result of it is not what they expected it would be.

*By the Court.*—The judgment of the circuit court is affirmed.