# Baker v. Cotney.

*Action for the Conversion of Property.*

1. *Action on the case; sufficiency of complaint.*—A count of a complaint which avers that the defendant removed and converted to his own use certain cotton and other farm products which were raised by a tenant of the plaintiff, and upon which the plaintiff had a lien as a landlord, and for advances, and that at the time of so removing and converting said property, the defendant knew of the existence of said lien, and that by said removal or conversion said lien and the remedy for its enforcement were lost to the plaintiff, states a substantial cause of action of trespass on the case.

2. *Action for conversion of property; what question for the jury.* In an action to recover damages for the loss and destruction of a lien in favor of the plaintiff by reason of the defendant's removing certain property and converting it to his own use, where the evidence shows that a certain quantity of the property described in the complaint was delivered at certain designated places for the plaintiff, but there was no definite proof as to the weight of the cotton so delivered, it is for the jury to ascertain whether or not such cotton was sufficient to pay the plaintiff, and, therefore, it was error for the court to instruct the jury that the plaintiff should recover the value of all the property so delivered.

[Baker v. Cotney.]

3  *Action for conversion of crops; admissibility of evidence.*—In an
action to recover damages for the conversion of cotton raised
on lands owned by the plaintiff whereby the lien of plaintiff
was lost, where there was evidence tending to show that the
cotton in question was grown on plaintiff's land, it is compe-
tent for the defendant to show that the cotton may have been
grown on other lands; and for this purpose he can ask a wit-
ness who testified that he was a farmer and had been culti-
vating cotton all his life, and knew the land where the cot-
ton in question was alleged to have been raised, how much
cotton, in his judgment, did the land in question make; and
this is true, although said witness had previously testified
that he did not know how much cotton said land in question
had made.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellee, S. M. Cotney,
against the appellant, D. W. Baker, and sought to re-
cover $375.00 for the taking of certain articles of per-
sonal property, which was described in the complaint.
The complaint contained three counts. The first count
was in trover. The second in trespass, and the third
was in case. The third count claimed damages for that
the defendant removed, or caused to be removed and con-
verted to his own use four bales of cotton, 600 pounds of
seed cotton, 66 bushels of cottonseed, and other farm
products; upon which it was averred the plaintiff had a
lien as a landlord of D. N. Cotton, L. P. Cotton and J. J.
Cotton, and for advances made to them, and of which lien
it was averred in said count the defendant had knowl-
edge at the time he removed and converted said cotton
and other farm products, and that after said removal the
defendant refused to deliver up said property to the
plaintiff upon his demand, and that by said removal or
conversion, said lien and the remedy for its enforcement
were lost to plaintiff.

The defendant demurred to the 3d count of the com-
plaint upon the grounds that it was too vague and indefi-
nite, and that it was not shown thereby that the defend-
ant destroyed the plaintiff's lien on said property de-
scribed in said count. This demurrer was overruled, and
defendant duly excepted.

The cause was tried upon pleas of the general issue. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf. There were verdict and judgment for the plaintiff: The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

D. H. RIDDLE, for appellant, cited, *Snodgrass v. Br. Bank of Decatur*, 25 Ala. 161; *Leeman v. Shackelford*, 50 Ala. 437; *McHan v. Ordway*, 67 Ala. 347.

JAMES W: STROTHER, *contra*—Cited *Harrison v. Palmer*, 76 Ala. 157; *Baker v. Barclift*, 76 Ala. 414; *Waldman v. N. B. & M. Ins. Co.*, 91 Ala. 170; *Adler v. Prestwood & Co.*, 122 Ala. 367; *Seymour & Co. v. Farquhar*, 93 Ala. 292.

ANDERSON, J.—This action was brought by the plaintiff against the defendant for the conversion of the crop or for the destruction of the landlord's lien. The complaint contains three counts, trover, trespass and case. Defendant demurred to the third count and the trial court properly overruled said demurrer.

The plaintiff, S. M. Cotney, rented a certain place known as the "Allen place" for the year 1903, to D. N., L. P. and J. J. Cotney, a brother and the other nephews of the plaintiff, for 2000 pounds of lint cotton, to be delivered on the 1st of November of said year. The evidence showed that defendant got four bales of lint cotton, 590 pounds of seed cotton and 1460 pounds of cotton seed, from the different gins and that it had been left there for plaintiff and delivered there as per his instruction; that defendant also got 872 bundles of fodder and 2440 pounds of hay from the rented premises in the possession of the tenants. The evidence also showed that defendant had knowledge of facts sufficient to put him on notice as to plaintiff's lien for rent. Plaintiff also introduced in evidence a mortgage on certain personal property and the crop to be grown for said year by the

said tenants and which was signed by each of them. Said mortgage was for $227.00 and shows several credits which would reduce the amount due to about $17.00. The plaintiff admitted when testifying that he had received certain payments, hay, corn, etc., and that they had all been credited on said mortgage. He also admitted that the mortgage was *entitled* to a credit of two mules at $40.00 each. We find credits for mules on the mortgage, but nothing to indicate that they were these two mules at $40.00 each, and witness does not say they have been credited on the mortgage, but that the mortgage is *entitled* to a credit for same. If the mortgage was entitled to this credit, then it was paid before the suit was brought and could not be used to establish the plaintiff's title to the property in controversy. It would also establish a credit on what was due the plaintiff for rent by an application of the excess thereto after paying balance on the mortgage, and it was a question for the jury to determine if the mortgage had been paid, and if any payment had been made on the rent. If the mortgage was out of the question, then the most that the plaintiff claims is the rent, 2000 pounds of lint cotton and $31.00 advances.

The evidence shows that four bales of cotton, 590 pounds of seed cotton and 1460 pounds of cotton seed had been delivered at the gins for the plaintiff, but that the hay and fodder had never been delivered, and that plaintiff had but an equitable title thereto, and only that, in case the property delivered was insufficient to pay the rent, 2000 pounds of lint cotton, equal to four bales and the $31.00 advances. There was no definite proof as to the weight of the cotton, and the court should have left it to the jury to ascertain whether or not it was sufficient to pay plaintiff instead of charging the jury peremptorily that plaintiff should recover the value of all the property.

We are not unmindful of the proposition that the plaintiff could recover the value of the property at any time between conversion and trial and regardless of what was due him. But he could not recover in trover for those things that were never delivered, and upon which he had nothing but a lien and he could not recover even

in case, as to them, if the other articles paid the plaintiff. The court not only gave the general charge for the plaintiff but instructed the jury to unconditionally include the value of the hay and fodder in their verdict.

The evidence showed that the plaintiff and tenants were all related and that the tenants cultivated and raised cotton on lands other than the Allen land. It is true that the tenants testified that the products in question were grown on the plaintiff's land but evidence was brought out as to the acreage and quantity of land in cotton on the different tracts and it was legitimate for the defendant to show that the cotton may have been grown on other land; that the Allen land did not produce so much and that this cotton, or some of it, may have been grown on the other land. Plaintiff examined witness, Ham, who testified upon cross-examination, "I saw the land that was in cotton on the Allen place last year, I am a farmer, raised on the farm. have been cultivating cotton all my life." Defendant's counsel then asked: "How much did that land make per acre last year, from your best judgment, from the appearance of the stalks and the number and size of the bolls?" The court sustained an objection to this question and then asked witness, "Ham, do you know how much cotton it made?" Witness said, "I do not." Defendant then asked: "In your best judgment, what did it make?" The court sustained an objection to this question. The court erred in sustaining the objection. The witness was an expert farmer and could have given his opinion as to the amount of cotton produced on the land. Experts can testify to opinion and there are many questions upon which a non-expert may express his judgment or opinion. *Pollock & Co. v. Gantt,* 69 Ala. 373. The fact that the witness answered negatively the question propounded by the court, did not cure the objection. The witness doubtless could not tell exactly what the land made, yet he could have given it as his opinion that it made less than four bales or less than one, and which would have been contradictory evidence as to the plaintiff's lien or title to the cotton in question. There was also evidence that plaintiff had gotten about fifty bushels of corn off the land, and while the mortgage shows a credit for corn,

it does not give the amount and the jury ought to have ascertained whether or not credit had been given for all the corn he got.

There are numerous assignments of error, but we do not deem a discussion of any of the others necessary.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.