[Baker v. Cotney.]

# Baker *v.* Cotney.

## *Trover and Case.*

(Decided April 18, 1907. 43 So. Rep. 786.)

1. *Evidence; Parol to Vary Writing; Admissibility.*—It was not permissible to prove by parol evidence that a mortgage given on crops raised in Tallapoosa county was intended by the party making it to be given on crops raised in Clay county.

2. *Trover and Conversion; Issues; Evidence; Admissibility.*—Plaintiff claimed under a lien for rent on crops raised in Clay county and the issue was whether defendant deprived plaintiff of his lien on the crops raised in said county. Held, defendant could not justify the taking of the crop under a mortgage on crops raised in Tallapoosa county nor claim that the transaction in regard to the crops in the former county were fraudulent as to his lien in the latter county.

3. *Same.*—Where the plaintiff claimed under a lien and defendant claimed under a mortgage given him by the tenant, which did not cover the crop in question the question as to what the tenant did with the money obtained under the mortgage was immaterial to any issue.

4. *Same.*—Plaintiff being entitled to recover only to the extent of his prior lien it was competent for defendant to show that the tenant was indebted to him and had delivered the crop in payment thereof, and to enquire as to the extent of plaintiff's lien and as to whether or not the lien has been satisfied.

5. *Evidence; Best Evidence; Secondary Evidence.*—The record being the best evidence it was incompetent to inquire of a witness whether certain entries on the record of credits on the mortgage had been made.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by S. M. Cotney against D. W. Baker. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The nature of the case and the facts necessary to an understanding of the opinion of the court sufficiently appear therein, with the exception of certain assign-

ments of error, numbered as follows: "(3) The court erred in sustaining plaintiff's objection to the following question propounded to B. N. Cotney on cross-examination by the defendant: 'What part of the hay was customary for cutting and saving hay in that community?' (4) And the following question to the same witness: 'What was it worth to cut the hay and stack it?' (5) And to the same witness: 'Were you indebted to Baker in the sum of $400 about at the time you sold the. hay to your brother?' (6) And to the same witness: 'Were you solvent or insolvent?' (7) And to the same witness: 'Is it not a fact that that hay was worth some $250 or $300?' * * * (9) The court erred in sustaining plaintiff's objection to the introduction in evidence of the mortgage offered by defendant executed by the Cotneys to D. W. Baker. * * * (11) The court erred in sustaining plaintiff's objection to the following question propounded to J. J. Cotney by defendant: 'Were you solvent or insolvent at the time Baker got this property?' * * * (14) The court erred in sustaining plaintiff's objection to the following question propounded by the defendant to the plaintiff while a witness for himself: 'After D. W. Baker had served a written notice on you to enter all the partial payments that you had received on margin of the record of said mortgage in the probate office of Clay county didn't you make the following entry on the margin of the record of said mortgage: "Mule and corn, $99.25"—and didn't you make the entry on the margin of the record of the mortgage you have offered in evidence.' (15) And to the same witness: 'After Baker's written notice to you to enter on the margin of the record of the mortgage for the sum of $227 the partial payment, didn't you, on August 29, 1904, make the following entry: "One mule, $75"?' " There was judgment for plaintiff, and defendant appeals.

D. H. RIDDLE, for appellant.—Great latitude should have been allowed defendant in establishing the fraud and the transaction between the uncle and nephews, Cotneys.—*Snodgrass v. Branch Bank*, 25 Ala. 161;

*Nelms v. Steiner,* 113 Ala. 562; *Durr v. Jackson,* 59 Ala. 203. Under the evidence in this case there are badges of actual fraud and proof of fairness so far as consideration is concerned should be very stringent.— *Terrell v. Greene,* 11 Ala. 207; 1 Port. 328. It is entirely competent to require some witnesses to explain if they can why their recollection is so good until they become to be examined by opposing counsel.—*Central of Ga. Ry. v. Edmundson,* 135 Ala. 336. The defendant should have been allowed to show by parol that his mortgage was intended as a mortgage on the Clay county crops and that Tallapoosa was in the mortgage by mistake.—*Wood v. Reese,* 135 Ala. 295.

JAMES W. STROTHER, for appellee.—Counsel discusses assignments of error but cites no authority in support of his contentions.

SIMPSON, J.—This suit was brought by the appellee (plaintiff) against the appellant (defendant); the complaint containing three counts, but the third one being the only one necessary to consider, under the ruling of this court on the former appeal.—*Baker v. Cotney,* 142 Ala. 566, 38 South. 131. The third count is in "case," and claims $375 damages for the removal and conversion to his own use by the defendant of certain cotton seed, fodder, and hay, on which the plaintiff had a lien for rent and advances due by D. N., L. P. and J. J. Cotney, his tenants; said crops having been produced on the farm of plaintiff near Bluff Springs, Ala. Defendant's pleas are: (1) The general issue; (2) that plaintiff has transferred any claim held by him since the commencement of this suit; (3) that plaintiff had been fully paid by his said tenants before the commencement of this suit; and (4) that by a fraudulent arrangement between plaintiff and his said tenants, who are his kinsmen, said tenants had agreed to pay a great deal more rent than the lands were worth, and more than plaintiff intended to collect (except for the purpose of asserting the lien of plaintiff, as landlord, and defeating defendant's lien for advances), and that there is an under-

[Baker v. Cotney.]

standing between plaintiff and his said tenants that he is to return to them the greater portion of the money received from them, and thus defraud defendant of his just rights. But the judgment entry shows that the parties went to trial on the plea of the general issue.

The rent note, dated January 14, 1903, made by D. N., J. J. and L. P. Cotney to plaintiff, introduced in evidence, shows an agreement to pay 2,600 pounds of middling cotton for rent of "the Allen farm now owned by S. M. Cotney"; and the mortgage from same to same, for $227, dated January 14, 1903, covers all crops to be raised by the grantors "in Clay county, Alabama, during the year 1903," as also two mules and a wagon. The defendant offered in evidence a mortgage dated February 12, 1903, by D. N. Cotney to him, on crops to be raised in Tallapoosa county, and offered to prove by parol that the party making the mortgage intended it to read Clay county, in place of Tallapoosa county. The plaintiff objected to such testimony and to the introduction of the mortgage, which objections were sustained, and the mortgage was excluded. The court was clearly right in excluding the testimony and the mortgage. The written instrument could not be varied by parol testimony in this way, and the paper, having no relevancy to the property involved in this suit, was properly excluded. As the defendant, then, had no evidence tending to show that he had any lien on or interest in the crops raised in Clay county, it follows that all those assignments of error which seek to impeach the transactions between the plaintiff and his tenants in regard to the crops in Clay county are without merit.

The only issue between them was as to whether the plaintiff held a lien on the crops and whether defendant deprived plaintiff of the property on which he had a lien. There is no conflict in the evidence on these points, and the defendant could not justify taking possession of said crops under a mortgage on crops in Tallapoosa county, nor could he claim that the transactions in regard to the crops in Clay county were fraudulent as to his lien in Tallapoosa county. As it was wholly immaterial to any issue involved in this case what D. N. Cotney did

[Baker v. Cotney.]

with the money which defendant claims to have let him have, the question as to the blacksmith bill, "Is your recollection just as good about the amount you owed for blacksmithing, as it is about anything else you have testified about?" was properly excluded.

But the defendant claims that the tenant D. N. Cotney turned this property over to him in part payment of the debt due him by such tenant. Although the defendant had failed to prove his claim to the property under his mortgage, yet is was competent for him to prove that said tenant was. indebted to him, and had turned this property over to him in payment of the debt. The tenant had a right to do this, except in so far as the plaintiff had a lien on it, and if the defendant gained possession of the property in this way he had a right to inquire as to the extent of the plaintiff's lien, and whether or not it had been satisfied in whole or in part, for the reason that the plaintiff could recover of him, only to the extent of the prior lien held by the plaintiff on the property thus purchased by the defendant. Consequently the court erred in sustaining the objection to the question by the defendant to the witness D. N. Cotney, on cross-examination, "Didn't you tell Ham to get this cotton, and stuff for Baker at the time he got it; that you owed Baker some $400 or $500 for supplies to make a crop with that year, and for Ham to get the stuff that he did get, and give you credit for it on what you owed Baker; that Baker was entitled to it and you wanted him to have it?"

Referring to assignments 3, 4, 5, 6, 7, 9, and 11: From what has been said, it is evident that the defendant had a right to show that there was not so much due on it as was claimed by the plaintiff; and if it could be shown that he had received several hundred dollars' worth of hay from an insolvent man, and credited on his mortgage only $10, the mortgage should be credited with the actual value of the property received. Hence, the court erred in excluding evidence as to these matters.

There was no error in sustaining the objections to defendant's question to the plaintiff, as a witness asking whether he made certain entries on the record of credits

on the mortgage after defendant had notified him to enter partial payments (see assignments 14 and 15). The record is the best evidence of entries therein, and the evidence was immatriel, at any rate, to the issue involved in this case.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.