# Montgomery *v.* Patterson.

## *Detinue.*

(Decided June 17, 1909.   49 South. 1027.)

1. *Detinue; Title to Sustain.*—In order to recover in detinue plaintiff must establish title to the goods in controversy.

2. *Appeal and Error; Finding of Trial Court; Conclusiveness.*— The finding of the trial court on the facts will not be disturbed on appeal, unless the verdict is plainly contrary to the great weight of the evidence.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN H. DISQUE.

Detinue by A. Montgomery against J. L. Morbut for a mule. Upon suggestion that Patterson claimed the

[Montgomery v. Patterson.]

mule notice was issued to him and he came in and defended. From a judgment for the substituted defendant plaintiff appeals. Affirmed.

TATE & WALKER, for appellant. The rule is that in order for a claimant to recover he must show that his title existed prior to the time he interposed the claim. He must recover on the strength of his own title and not the weakness of his adversary.—*Seisel v. Folmer*, 103 Ala. 495; *Donaldson v. Waters*, 30 Ala. 175.

GOODHUE & BLACKWOOD, for appellee. The questions presented are purely of fact, and under the evidence plaintiff failed to carry the burden by showing title in himself.—3 Mayf. 47.

ANDERSON, J.—This was an action of detinue for a mule, and the plaintiff had to establish a title to same in order to recover. The plaintiff sold Patterson the mule, but claims to have retained the title to same until the purchase money was paid. Patterson denied a conditional sale, but claims that it was absolute, and that he paid the purchase money. The trial court saw and heard all the witnesses, who were examined ore tenus, and the finding upon the facts was like unto the verdict of a jury, and will not be disturbed, unless it is plainly erroneous.—*Woodrow v. Howving*, 105 Ala. 240, 16 South. 720, which as been repeatedly cited and re-affirmed, upon this proposition, by this court. We do not think that the judgment is plainly erroneous.

The trial court committed no reversible error in ruling upon the evidence. The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.