# Martin *v.* Scott, *et al.*

### Trover.

### (Decided June 1, 1915.   69 South. 309.)

**Landlord and Tenant; Share Croppers; Trover.**—Under the facts in this case it is held that notwithstanding the provisions of § 4742, Code 1907, the infant children could not maintain trover for the part of the crops reserved for rent, since, to support that action one must show that at the time of the bringing of the suit he had a general or special property right in the crop, and a mere lien or equitable title will not suffice.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

[Martin v. Scott, et al.]

Trover by W. I. Scott as guardian of Mabel Ricketts and others, against John Martin for the conversion of certain crops. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant.  W. C. RAYBURN, for appellee.

PELHAM, P. J.—The complaint filed by the appellees, Mable, Sible, and Lila Ricketts, through their guardian, W. I. Scott, in the circuit court, contained two counts in trover, and trial was had on the issue tendered by the defendant's (appellant's) plea of the general issue.  At the request of the appellees (Mable, Sible and Lila Ricketts for convenience will be hereinafter referred to as the appellees), the court gave the general charge in writing in their behalf, which was followed by a verdict and judgment in favor of the appellees, from which this appeal is prosecuted.

The evidence without conflict was to the effect that before suit brought the father of appellees died intestate, seised and possessed of 320 acres of land, upon which at the time of his death the widow and the appellees, their children, were living with him; that there was no administration on the estate and no claim of homestead or dower; that after the death of the decedent his wife married again, and that she and her second husband and the appellees resided on the lands until she died intestate in April, 1913, the husband surviving and living at the time of trial, and that there has been no administration on her estate, but that before her death she rented a part of the lands for cultivation to the appellant, he to furnish the labor, teams, and implements, with stipulations that the crop be divided between them, the appellees to receive one-third of the corn and one-fourth of the cotton grown on the land as rent; that the defendant planted practically all of the crop grown during the lifetime of the mother of the appellees; that after the crop was gathered by appellant in the fall of 1913, he refused to pay the rent to appellees and retained possession of the entire crop, refusing to let appellees have any part of the same.  It was agreed in open court that W. I. Scott, who sued as guardian, was the legal guardian, having the right to bring suit.

On this state of the undisputed evidence, the trial court gave the general charge requested by the appellees, and refused the

general charge requested by the appellant. In this the court below was in error. To support an action of trover, the plaintiff must have at the time suit is brought a general or special property right in the property for which a recovery is sought, a mere lien or equitable title is not sufficient to support the action, and it follows that a landlord cannot maintain trover for rent supported only by reason of his statutory lien. "He could not recover in trover for those things that were never delivered, and upon which he had nothing but a lien."—*Baker v. Cotney,* 142 Ala. 566, 569, 38 South. 131. See, also, Code 1907, § 4742; *Jordan v. Lindsey,* 132 Ala. 567, 31 South. 484; *Southern Railway Co. v. Attalla,* 147 Ala. 653, 41 South. 664; *Holman v. Ketchum,* 153 Ala. 360, 45 South. 206; *Marks v. Robinson,* 82 Ala. 69, 2 South. 292; *Zimmerman v. Dunn,* 163 Ala. 272, 50 South. 906; 5 Mayf. Dig. 928, § 14.

Reversed and remanded.