(77 South. 719)

COLE v. ALABAMA GREAT SOUTHERN R. CO. (6 Div. 679.)

(Supreme Court of Alabama. Jan. 17, 1918.)

APPEAL AND ERROR ☞933(1)—REVIEW—VERDICT AGAINST EVIDENCE—NEW TRIAL—PRESUMPTION.

Denial of plaintiff's motion for new trial because verdict for defendant was against the overwhelming weight of evidence will not be reviewed where the jury was correctly instructed, and the verdict was justified if the jury believed defendant's evidence; the presumption of correctness in rulings of the court having the witnesses before it not being changed by Acts 1915, p. 722, providing that no presumption of correctness of the judgment of the lower court shall be indulged on appeal.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by R. T. Cole against the Alabama Great Southern Railroad Company. From judgment for defendant, plaintiff appeals. Affirmed.

Suit by appellant against appellee to recover damages for assault and battery alleged to have been committed on the appellant by one Hylton, as agent of the appellee company, while acting in the line and scope of his employment, and causing the injuries to the person of plaintiff as specifically set out in counts 2 and 3 of the complaint.

The cause was tried upon counts 2 and 3, the general issue, and special plea numbered 3 setting up self-defense on the part of Hylton, the agent, and alleging that said Hylton was not at fault in bringing on the difficulty. The evidence was had orally before the court. The jury returned a verdict in favor of the defendant. Plaintiff made a motion for a new trial upon the ground that the verdict was contrary to the evidence in the case, which motion was by the trial court overruled, and from the judgment for the defendant, the plaintiff prosecutes this appeal.

Robert J. Wheeler and Samuel D. Weakley, both of Birmingham, for appellant. A. G. & E. D. Smith, of Birmingham, for appellee.

GARDNER, J. The only question presented by the assignments of error and argued by counsel for appellant relates to the action of the court below in overruling the motion for a new trial; the insistence being that the verdict of the jury was contrary to the overwhelming weight of the evidence to such an extent as to involve the conviction that it was wrong and unjust, citing, among other of our cases, Twin Tree Lbr. Co. v. Day, 181 Ala. 565, 61 South. 914; Gassenheimer v. Western

Ry., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; Southern Ry. v. Grady, 192 Ala. 515, 68 South. 346.

The record contains the oral charge of the court, as well as the charges given and refused to the respective parties. That the law was correctly and fairly charged by the court to the jury is not questioned; nor is it questioned that the verdict was fully justified if the jury believed the evidence offered by the defendant. The questions of fact were therefore squarely presented for the jury's determination.

The evidence has been very carefully examined. We do not think it necessary to enter into a discussion of the same, but, after a careful review of the testimony, we are persuaded, under the familiar rule announced in Cobb v. Malone, 92 Ala. 630, 9 South. 738, that a reversal should not be rested upon this action of the court. The trial court had the witnesses before him, and the advantage of observing their demeanor on the stand. We have heretofore ruled that under such circumstances the presumption is in favor of the correctness of the ruling of the court below, and that such ruling has not been changed by recent legislative enactment. Acts 1915, p. 722; Hatfield v. Riley, 199 Ala. 388, 74 South. 380; Price v. Price, 199 Ala. 433, 74 South. 381.

The judgment of the court below will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.