## ARNOLD v. SUTHERLIN.    (7 Div. 766.)

Supreme Court of Alabama.    Oct. 13, 1927.

1. **Trover and conversion ⬳16—Right of property and possession must concur in plaintiff to support count in trover.**

To support count in trover, the right of property, general or special, and possession or immediate right of possession, must concur in plaintiff at time of conversion.

2. **Chattel mortgages ⬳177(3)—Plaintiff relying on mortgage must show that conversion occurred after he had right to take or seize property.**

Plaintiff in trover, relying on mortgage as source of title, must show that conversion occurred after plaintiff, under terms of mortgage, had right to take or seize property.

3. **Chattel mortgages ⬳177(1)—Mortgagee held entitled to judgment in trover, though notes were not payable until after property had been converted, where mortgage gave him right to seize property whenever he deemed himself insecure.**

Mortgagee suing in trover was entitled to judgment, though notes which mortgage secured were not payable until November and defendant converted cotton in October, where mortgage gave mortgagee right to seize property whenever he deemed himself insecure.

4. **Chattel mortgages ⬳177(1)—Manner of allowing credits on mortgage in action for conversion by mortgagee held immaterial.**

In action by mortgagee for conversion of cotton, allowance of credits by court, whether erroneously done or not, was immaterial, as it merely went to amount due on mortgage, and could not have extinguished mortgage debt and thus prevent recovery.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action in trover by J. M. Sutherlin against J. H. Arnold, doing business as J. H. Arnold & Co. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Goodhue & Lusk, of Gadsden, for appellant.

Defendant purchaser of mortgaged cotton, in action of trover by mortgagee, is entitled to judgment where conversion was before law day of the mortgage. Smith & Sons v. Howell, 21 Ala. App. 549, 110 So. 57; Johnson v. Wilson, 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52. Plaintiff mortgagee, in action of trover against purchaser of mortgaged cotton from the mortgagor, is bound by the finding of the jury and judgment thereon in prior detinue suit between plaintiff and the mortgagor, wherein balance due on mortgage is ascertained. Moore-Handley Hdw. Co. v. Curry, 106 Ala. 284, 18 So. 46; Jones v. White, 189 Ala. 622, 66 So. 605.

W. T. Murphree, of Gadsden, for appellee.

Brief did not reach the Reporter.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1-3] It is unquestionably the law that to support a count in trover the right of property, general or special, and possession or an immediate right of possession, must concur in the plaintiff at the time of the conversion. So, also, when the plaintiff relies upon a mortgage as the source of title, he must show that the conversion occurred after the law day of the mortgage, that is, after the plaintiff, under the terms of the mortgage, had the right to take or seize the property. Johnson v. Wilson & Co., 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52, and cases there cited. It is true the notes which the mortgage in the case at bar were given to secure were not payable until November 1, and the proof shows that appellant converted the cotton in October; yet said mortgage gave the appellee the right to seize the property whenever he deems himself insecure, and which is different from the mortgage considered in the Johnson Case, supra. We therefore hold that the trial court did not err in rendering judgment for the plaintiff under the first or trover count of the complaint, and which is the only error assigned.

[4] Appellant's counsel argue and insist upon error upon the part of the trial court in the fixation of the amount due upon the mortgage by allowing the credits for a certain mule and other cotton as per the price brought at mortgage sale, rather than the value fixed by the jury in a former detinue suit; but whether this was erroneously done or not, it merely went to the amount due upon the mortgage, and neither method would have extinguished the mortgage debt and thus prevented a recovery, and, as above noted, the assignment of error went to the rendition of a judgment for the plaintiff, and not the amount of same or the improper allowance of credits on the mortgage debt.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.