194 So. 509

## HAMPTON v. STEWART.

### 8 Div. 40.

Supreme Court of Alabama.
March 7, 1940.

Wm. L. Chenault, of Russellville, for appellant.

Wm. Stell, of Russellville, for appellee.

THOMAS, Justice.

The suit was instituted in the justice court and appealed to the circuit court. The suit was for detinue and trover. The judgment was for the cow sued for and its alternate value was ascertained to be $25.

The assignments of error challenge the rendition of judgment for plaintiff.

■ To recover under the count for conversion the plaintiff must show legal title in himself to the property at the time of the conversion and his immediate right of possession. Arnold v. Sutherlin, 216 Ala. 546, 114 So. 140.

■ In detinue the plaintiff, to recover, must show the general or special property interest in the cow sued for, the right of immediate possession and that defendant had such possession when the suit was instituted. Montgomery v. Patterson, 162 Ala. 125, 49 So. 1027.

■ The trial was before the court rendering judgment for plaintiff on the detinue count, and rested on evidence given ore tenus. The finding of fact made in the circuit court had the effect of a verdict of a jury. In such a case the judgment will not be disturbed unless plainly erroneous.

■ The appellee as plaintiff offered to redeem under the statute by paying the amount due on the Hester mortgage, which was denied by appellant-defendant. Sections 8936 and 8937, Code.

There is analogy to be found in Young & Vann Supply Co. v. Crenshaw County, post, p. ——, 197 So. 897; Michie's Code, § 7400.

It may be further stated that the tender made defendant in justice court was maintained in the circuit court.

■ The effect of the evidence in the circuit court was in nature a departure from the title sought to be maintained in the justice court. The case of estoppel declared in Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48, has application to appellant.

The trial court seeing and hearing the witnesses had the better means of judging the truth of the evidence, and so gave judgment. When the whole record is examined we do not think the judgment of the circuit court was plainly erroneous. We find no reversible error committed on the trial and the judgment is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.