60 So.2d 333

**MOBILE CITY LINES, Inc. v. HUFFMAN.**

**I Div. 477.**

Supreme Court of Alabama.

Aug. 27, 1952.

Johnston, McCall & Johnston, Mobile, for appellant.

D. R. Coley, Jr., Mobile, for appellee.

STAKELY, Justice.

This is a suit instituted by Eleanor H. Huffman against Mobile City Lines, Inc., a corporation, to recover damages for alleged personal injuries. The complaint consists of one count in simple negligence and avers that Eleanor H. Huffman was a passenger on a bus of the defendant which was being operated at the time by it as a common carrier. It is alleged that while she was in the act of leaving the bus the driver of the bus so negligently operated it that she was caused to be thrown violently to the pavement, the proximate consequence of which negligence resulted in serious, permanent injuries to her. To this complaint the defendant filed a plea of the general issue and a plea of contributory negligence. Trial of the cause resulted in a verdict and judgment for the plaintiff. There was a motion to set aside the verdict and judgment thereon and to grant the defendant a new trial. The court denied the motion. Hence this appeal.

On the afternoon of April 9, 1942, between 4 and 4:30, the plaintiff, who was then approximately 33 years of age, boarded a bus as a passenger at Conti and St. Emanuel Streets in the City of Mobile. As the bus approached the bus stop at Government and Common Streets the plaintiff rang the bell and walked toward the door. She caught hold of the rail beside the door but did not step down in the well or "step down" just inside the door until she thought the bus had stopped and the door was open. According to her testimony as she stepped down from the bus and her left foot touched the ground, she realized that the bus was moving and that she still held on to the bus with her hand in order to keep from falling. According to her the movement of the bus caused her to be jerked around so that she sat down on the curb. She was thrown to the curb with such force that it hurt her and she fell back with her feet toward the street and the main part of her body on the space between the curb and the sidewalk. According to her when the bus came to a stop after she had fallen, the front door out of which she had stepped was about 2½ feet beyond where she fell. In describing the accident she said: "You could say it jerked me around; it just set me there."

After the accident she immediately went to the home of her mother-in-law who lived nearby and her husband was called. Her husband came and carried her to Dr. W. C. Hannon. Tendencies of the evidence show that Dr. Hannon taped her up and sent her to the Mobile Infirmary for x-rays the following morning. He continued to tape her back and put a heavy girdle on her. Tendencies of the evidence show that she had an acute strain of her lower back, abrasions on her left lower

extremity and tenderness over the tip of the spine. There were also brush burns over other portions of her body. According to Dr. Hannon he later considered that she had a rupture of the disc of the fifth lumbar vertebra of the left side. Tendencies of the evidence show that she lost time from her work, suffered great pain, that she was confined for about two weeks with a weight on her left leg and was forced to lie for about three months on boards on her bed with a weight on her feet. According to the doctor the injuries of which she complained were due to the accident and were permanent.

I. It is contended that the defendant was entitled to the affirmative charge in that there was no proof that the motor bus on which the plaintiff was riding at the time of the accident was the property of the defendant or was being operated by an agent, servant or employee engaged in and about the business of the defendant. Examination of the record shows that in this cause in which Eleanor H. Huffman is named as plaintiff and Mobile City Lines, Inc., a corp., is named as defendant, the defendant at various points in the evidence is referred to as "the City Lines' bus", "The Bus Lines", the "City Bus Lines", "the Bus Company" and the "City Lines". In the court's oral charge to the jury at the conclusion of the evidence the court refers to the defendant as "The Mobile City Lines". We think it is reasonable to say that the way in which the case was tried and the way in which the defendant is described in the testimony and by the court can only mean that the reference is to the bus of the Mobile City Lines, Inc., the defendant in the case on trial.

Mrs. Eleanor H. Huffman was asked the following question, "Mrs. Huffman, at what time did you board the City Line bus?", to which she gave the following reply, "Well, the best I remember between 4 and 4:30."

Murray M. Bolton, Jr., a witness for the defendant and the driver of the bus, was asked the following questions and gave the following answers:

"Q. Were you the operator of the bus that she, Mrs. Huffman, was riding on at the time? A. Yes, sir.

"Q. Mr. Bolton, you were driving the bus at the time and you are still driving a bus? A. Yes, sir.

"Q. For the Bus Company? A. Yes, sir.

"Q. And you were driving in line and scope of your employment? A. Yes, sir.

"Q. This lady, Mrs. Huffman here, was a passenger on your bus? A. Yes, sir.

"Q. You made a report of this accident to the bus company, didn't you? A. Yes, sir."

As stated, in the court's oral charge to the jury at the conclusion of the evidence, the court said: "This is a suit which was brought by Eleanor H. Huffman against the Mobile City Line." We think it is clear from the foregoing that the defendant was the owner of the bus in which the plaintiff was riding and from which she alighted at the time the accident occurred. At no time during the trial was it disputed that the bus in which the plaintiff was riding, was the property of the defendant, and was being operated by the defendant.

In the case of Birmingham Ry. Light & Power Co. v. Taylor, 152 Ala. 105, 44 So. 580, 581, it was said in connection with the refusal of a request for the affirmative charge for the defendant:

"The only insistence in argument by defendant's counsel against this charge is, 'that there was an entire absence of testimony that the defendant operated the railroad or the car alleged.' It occurs to us, that the objection is too technical to be meritorious. The course of the trial, the questions propounded by defendant's counsel, and the charges asked by defendant, all indicate that the point now raised was not disputed. The ownership and operation of the cars by the defendant company was not raised on the trial, but appears to have been unquestioned. The defendant pleaded not guilty, and contributory negligence

of the plaintiff which proximately contributed to his injury.

"On this point, the plaintiff, Taylor, was asked 'To tell the jury, whether cars, the defendant's cars, were in the habit of stopping there (at Avenue F) for the purpose of letting passengers on and off?' and he replied, 'Yes, sir.'

"Mr. Glass, for defendant, was asked by its counsel, if he was a motorman on the car on which Mr. Dean was conductor, in January, 1904, when a passenger was hurt on Twentieth street, near Avenue F, and he replied that he was its regular conductor; and Dean, introduced by defendant, testified that he was on the car at the time plaintiff was hurt. As stated, the defendant in the course of the trial, seems to proceed on the implied admission, without denying that it was defendant's car on which plaintiff was a passenger when hurt, and the evidence plainly enough shows it. The court properly refused to give said charge."

The foregoing case is cited with approval in the case of Adler v. Martin, 179 Ala. 97, 112, 59 So. 597, 601. In this latter decision the court said:

"It is true that a matter not expressly proved may be so dealt with by the opposite party as to in effect concede its existence; it not being in any way disputed."

■ Moreover we consider that rule 35, Rules of Practice in Circuit and Inferior Courts, Code 1940, Tit. 7 Appendix, applies and the court will not be put in error for refusing the affirmative charge on the theory that there was no proof that the defendant was operating the bus at the time and place of the alleged injury. Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611.

There was no error in refusing the affirmative charge on the proposition which we have discussed.

■ II. The appellant takes the position that there was no proof of negligence on the part of the defendant because, according to appellant's view of the evidence, the bus had come to a complete stop prior to the time when the plaintiff got off or alighted from the bus, and furthermore because the uncontradicted evidence shows that the bus gave no sudden start or jerk while the plaintiff was alighting. It is furthermore the view of the appellant that conceding for the sake of argument only that the bus was moving when the plaintiff stepped off the bus, the plaintiff knew the bus was moving and attempted to alight from it. Under this latter view of the case it is insisted that the plaintiff was guilty of contributory negligence in attempting to alight from the bus. We consider, however, that the evidence is in conflict as to how the accident occurred. The plaintiff testified that she gave the signal to alight and prepared to alight. She did not step down, however, until the door of the bus was open. She furthermore testified that when the bus pulled to a point not quite against the curb and she thought it had stopped, she started to alight, but when her left foot struck the ground, the bus jerked her around and threw her violently down on the curb. According to her she was thrown back with her feet toward the street and the main part of her body on the ground between the curb and the sidewalk. According to her testimony the bus was moving at the time her left foot struck the ground and by reason of that fact, she was jerked around and caused to sit down with such force that she was injured. According to her she did not see the bus was moving as she alighted from it until her foot touched the ground. The only reason she knew it was moving was because when she touched the ground, she felt it move. According to her testimony when the bus came to a stop, the door from which she had alighted was about 2½ feet beyond where she had fallen. While witnesses for the defendant testified that the plaintiff fell as a result of turning her ankle, there was no evidence that her ankle was in any way injured. Upon a careful consideration of the matter, we feel satisfied that the case was a case

for the jury and the defendant was not entitled to the affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Houston v. Elrod, 203 Ala. 41, 81 So. 831; Willingham v. Birmingham Ry. Light & Power Co., 203 Ala. 351, 83 So. 95.

III. There was no error in refusing to give charge no. 41 requested in writing by the defendant. The proposition involved in this charge was covered by the oral charge but in addition thereto, the charge is misleading. While under some circumstances it might constitute negligence for the operator of a bus to open the door of a bus prior to bringing it to a complete stop, there might also be instances when if the operator of a bus did open the door before bringing it to a complete stop, it would constitute negligence. In other words, the rule to be applied should in each case be in the light of the facts and circumstances in the particular case. 10 Am.Jur. 249.

IV. There was no error in refusing to give charge 6 requested in writing by the defendant. The proposition involved in this charge was covered by the oral charge and by given charges 17, 29, and 30.

V. There was no error in refusing to give charge 18 requested in writing by the defendant. This charge was covered by the oral charge and by given charges 11, 22, 27 and 28.

VI. There was no error in refusing to give charges 20, 21, 24 and 25 requested in writing by the defendant. These charges were covered by given charges 11, 22, 27 and 28.

VII. There was no error in refusing to give charge 34 requested in writing by the defendant. This charge was covered by the oral charge and by given charges 11, 22, 27 and 28.

VIII. There was no error in refusing to give charge 37 requested in writing by the defendant. This charge was covered by the oral charge and by written charges 11, 22, 27 and 28.

IX. There was no error in refusing to give charge 38 requested in writing by the defendant. This charge was covered by given charge 5.

X. There was no error in refusing to give charge 43 requested in writing by the defendant. This charge was covered by given charges 29, 30 and 31.

XI. There was no error in giving charge 4 requested in writing by the plaintiff. The charge, taken in connection with the oral charge, could not be said to be prejudicial, not to say that it was erroneous. The giving of this charge constituted no error of which the appellant can complain. Moore v. Cruit, 238 Ala. 414, [15] 191 So. 252.

XII. There was no error in giving charge 5 requested in writing by the plaintiff. The allegations of the complaint are that the plaintiff was "caused to be thrown violently to the pavement while she was in the act of leaving said bus." The whole case of the plaintiff is predicated on the proposition that the plaintiff was hurt in alighting from the bus. It is undisputed that she fell while leaving the bus. The charge could only refer to that particular time and if in stepping from the bus she acted as a reasonably prudent person would have acted under similar circumstances, she would not be guilty of contributory negligence.

XIII. There was no error in overruling the motion for a new trial. We do not agree with the insistence that the verdict of the jury was contrary to the weight of the evidence to such an extent as to show clearly that it was wrong and unjust. Cole v. Alabama Great Southern R. Co., 201 Ala. 193, 77 So. 719; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Stull v. Daniel Machine Co., 207 Ala. 544, 93 So. 583.

After a careful consideration of the record, the judgment of the lower court is due to be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.