63 So.2d 379

**JORDAN v. HENDERSON.**

5 Div. 545.

Supreme Court of Alabama.

Feb. 26, 1953.

Geo. W. Cameron, Jr. and John N. McGee, Jr., Montgomery, and Robt. E. Varner, Tuskegee, for appellant.

Henry Neill Segrest, Tuskegee, for appellee.

MERRILL, Justice.

Plaintiff, Henderson, sued defendant, Jordan, in the Circuit Court of Macon County. The jury's verdict was for plaintiff and, after a motion for a new trial was overruled, defendant appealed to this Court.

The complaint was in five counts, count 1 being for rent from January 1, 1951 to November 30, 1951. Count 2 was for rent from October 15, 1946 to October 15, 1951. Count 3 was for use and occupation of the land from January 1, 1951 to December 1, 1951. Count 4 was in detinue for four thousand pounds of lint cotton. Count 5 was in trover for four thousand pounds of lint cotton. Defendant pleaded in short by consent.

A summary of the evidence shows that the plaintiff as landlord rented to the defendant as tenant for five years, the yearly rental to be four thousand pounds of lint cotton; that this rent was paid for the four years prior to 1951; that no rent was paid in 1951; that defendant had sent plaintiff a check for two hundred dollars, which plaintiff had not presented for payment; and defendant claimed that he had not been able to have possession of all the land he had rented, that part of it was sold after he had taken possession, and that he left part of his 1951 crop on the land after November 1, 1951.

The appellant contends for a reversal on the grounds: (1) that the specific lands in counts 1, 2 and 3 were not proven as alleged; and (2) that the requested affirmative charge for the defendant should have been given as to count No. 4 (detinue) and count No. 5 (trover). As to appellant's first contention, counts 1, 2 and 3 of the complaint refer to the rented land as "plaintiff's place known as the Smith Place; the place known as the Perry Place; the place known as the Harris Place; the place known as the Tuttle Place". Nowhere in the testimony is the land identified by name as these places.

However, the defendant, upon being questioned as to the total acreage that he had rented, stated as follows: "There was ninety acres in one tract, and eighty acres in one tract, one hundred and ninety in another, and eighty in another." Both parties treated the tracts as an entity. Nowhere in the record does it appear that this omission was brought to the attention of the trial court, as required by Circuit Court Rule 35, Code 1940, Tit. 7 Appendix, and, therefore, the trial court will not be put in error for refusing the general charge. Mobile City Lines v. Huffman, 257 Ala. 603, 60 So.2d 333 (Where there was no proof that the motor bus on which plaintiff was riding was the property of the defendant or was being operated by an agent of the defendant.); Central of Georgia Ry. Co. v. Hardman, 226 Ala. 515, 147 So. 670 (Where the evidence did not sustain the averment that the accident occurred at a public crossing over the railroad track, known as, to wit, Twenty-fourth Street in the City of Irondale, Jefferson County.); Aplin v. Dean, 231 Ala. 320, 164 So. 737, 739 (Where the evidence did not sustain the averment that the accident occurred "on the Bay-Minette-Tensaw public road * * * about one-half mile north of Stockton post office".); Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869 (When in an action brought for the death of a child by plaintiff as administratrix and plaintiff failed to prove that she was the administratrix.); Mobile & Ohio R. R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606 (Where counts 3 and 4 of the complaint alleging injuries on March 6th and March 13th, respectively, were not supported by evidence of injuries on those dates.); Seaboard Air Line R. R. Co. v. Johnson, 217 Ala. 251, 115 So. 168 (Where the allegation that the negligent agent was unknown to the plaintiff was not proven.).

Appellant's second contention is supported by many authorities. A landlord has no title in crops and cannot maintain detinue against the tenant for their recovery. Crow v. Beck, 208 Ala. 444, 94 So. 580; Williams v. Lay, 184 Ala. 54, 63 So. 466. It has long been settled that the landlord's lien does not carry any right of possession against the tenant; that the tenant has the title with the right of possession and can maintain detinue against the landlord. Stewart v. Young, 212 Ala. 426, 103 So. 44; Alabama and Southern Digest, Detinue, ☜5.

A landlord cannot maintain trover for rent supported only by reason of his statutory lien. He could never recover in trover for those things which were never delivered and upon which he had nothing but a lien. Baker v. Cotney, 142 Ala. 566, 38 So. 131; Martin v. Scott, 14 Ala.App. 230, 69 So. 309. As stated in Sullivan v. Miller, 224 Ala. 395, 140 So. 606, 607: "To support the action of trover the plaintiff must have, at the time of the conversion, the right of property, general or special, and possession or the immediate right of possession. These rights must concur in the plaintiff at the time of the conversion, or the action will not lie. Arnold v. Sutherlin, 216 Ala. 546, 114 So. 140; Johnson v. Wilson & Co., 137 Ala. 468, 34 So. 392, 97 Am.St.Rep. 52; Corbitt v. Reynolds, 68 Ala. 378; Elmore v. Simon, 67 Ala. 526; Booker v. Jones' Adm'x, 55 Ala. 266." See, also, authorities listed in Alabama and Southern Digest, Trover and Conversion, ⚖16.

In the instant case the relationship between plaintiff and defendant was that of landlord and tenant. Under the authorities cited above, the plaintiff was not entitled to recover under the detinue count or the trover count.

The following charges requested by the defendant were refused:

"9. I charge you that, if you believe the evidence, you may not find against the defendant on count 4 of the complaint.

"10. I charge you that, if you believe the evidence, you may not find against the defendant on count 5 of the complaint."

As the appellant so aptly stated in his argument, "the record may be searched and no evidence can be found to show (1) that plaintiff ever had possession of the cotton sued for; (2) that plaintiff had title to the cotton sued for; (3) that defendant ever had any cotton whatsoever, particularly the cotton sued for."

The doctrine of error without injury cannot be applied to the refusal of a charge denying the plaintiff's right to recovery under one of the counts of the complaint which was not supported by any evidence, merely because there was evidence tending to support the other count, and the verdict of the jury was probably founded on them. Louisville & Nashville R. R. Co. v. Davis, 91 Ala. 487, 8 So. 552; Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Jones v. State, 236 Ala. 30, 182 So. 404; Jackson v. State, 249 Ala. 348, 31 So.2d 519. As stated by the Court in Corona Coal Co. v. Davis, supra [208 Ala. 358, 94 So. 534]:

"Counts 1 and 5 were submitted to the jury by the court in its oral charge under the evidence for their consideration. They returned a general verdict in favor of the plaintiff. We cannot tell under which count the verdict was based. We cannot say it was error without injury to refuse those charges. The court erred in submitting the case under the evidence to them under count 1, for which the judgment must be reversed. Langhorne v. Simington, 188 Ala. 337, headnote 8, 66 So. 85."

For the errors pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.